[No. B039260. Second Dist., Div. Four. July 19, 1989.]

KAY BELL, Plaintiff and Respondent, v.
20TH CENTURY INSURANCE COMPANY et al., Defendants and
Appellants.

## COUNSEL

Paul, Hastings, Janofsky & Walker, William S. Waldo and Linda M. Edwards for Defendants and Appellants.

Mazursky, Schwartz & Angelo, Charles J. Mazursky, Arnold W. Schwartz and Jeffrey Ehrlich for Plaintiff and Respondent.

## OPINION

McCLOSKY, J.—Defendants 20th Century Insurance Company and Melville P. Windle appeal from the trial court's order denying their motion to disqualify plaintiff Kay Bell's counsel.

### FACTS

On December 11, 1985, one Robert Nick Adams filed a complaint for wrongful discharge against 20th Century Insurance Company, David Sprowl and Dennis Ryan in an action unrelated to the present case. Mr. Adams was then represented by the law firm of Gage & Mazursky.[1] The plaintiff in the case at bar, Ms. Bell, was then the vice-president of human resources for 20th Century. In that capacity Ms. Bell was deposed in the Adams action on May 13, 1987. Prior to and after her deposition, counsel for 20th Century, Douglas C. Purdy, discussed with Ms. Bell "the theories upon which Adams was suing 20th Century, and the strategies of [his] defense on behalf of 20th Century. [He] also discussed with Bell [his] evaluation of the relative merits of 20th Century's defenses." Mr. Purdy believed these communications to be privileged attorney-client communications.

---

[1] Sometime after the Adams suit was filed, the name of this law firm was changed to Gage, Mazursky, Schwartz, Angelo & Kussman. For convenience, we will continue to refer to this firm as Gage & Mazursky.

We also note the substantial change in the law of wrongful termination effected by the retroactive application of *Foley* v. *Interactive Data Corp.* (1989) 47 Cal.3d 654 [254 Cal.Rptr. 211, 765 P.2d 373], and by *Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973 [258 Cal.Rptr. 592, 772 P.2d 1059], but make no comment or holding concerning its effect, if any, on this case.

On January 20, 1988, Ms. Bell retained Gage & Mazursky to represent her in this wrongful termination action which she brought against 20th Century and Mr. Windle. In her deposition taken in this action, Ms. Bell asserted the attorney-client privilege to questions asked by defense counsel designed to uncover whether she discussed the Adams case with her present attorneys.

Based upon Ms. Bell's alleged knowledge of defense strategy in the Adams action, the defendants in this action moved to disqualify her present attorneys from continuing to represent her. In opposition to that motion Ms. Bell's counsel, Mr. Mazursky, declared that "[a]s of October 14, 1988, the law firm of Gage, Mazursky, Schwartz, Angelo & Kussman dissolved. . . . [¶] The present attorney of record for plaintiff in the [Adams action] is . . . the Law Offices of Sanford M. Gage. I am not associated with the Law Offices of Sanford M. Gage, nor are my partners, Arnold W. Schwartz and Christopher E. Angelo."

In reply to plaintiff's opposition, defendants submitted a "notice of lien for attorneys' fees" served by the law offices of Sanford M. Gage in this action.

The trial court noted that it did not perceive the situation as "healthy for the legal profession." The court explained, however, that "once Mr. Mazursky has withdrawn from [the Adams] lawsuit then the problem has abated . . . ." Accordingly, the court ruled: "In the event Mr. Mazursky within 5 days files with the court a declaration re waiving all interest including financial in the Adams case, motion is denied; In the event such declaration is not filed with the court within 5 days, the motion is granted." In response to the court's ruling, Mr. Mazursky filed a declaration stating that "[a]t the present time my present law firm is not counsel of record for Nick Adams and does not now represent Nick Adams. Moreover, I declare that I hereby waive any lien interest or financial interest in the Nick Adams lawsuit so as to avoid any appearance of conflict in my present firm's continued representation of Kay Bell in her case against 20th Century Insurance Company." This appeal follows.

## DISCUSSION

■ Defendants first contend that "[d]isqualification is necessary for the furtherance of justice." ■ As the court explained in *Mills Land & Water Co.* v. *Golden West Refining Co.* (1986) 186 Cal.App.3d 116, 126 [230 Cal.Rptr. 461]: " 'Trial courts in civil cases have the power to order disqualification of counsel when necessary for the furtherance of justice. [Citations.] *Exercise of that power requires a cautious balancing of competing*

*interests.* The court must weigh the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel. . . . [Citations.]' [Citation.] Determination of the motion lies within the trial court's discretion [citation], but judicial discretion is a legal discretion subject to the limitations of the legal principles governing the subject of its action, and subject to reversal on appeal where no reasonable basis for the action is shown. [Citation.]" (Original italics.)

■ In the present case, the balancing of these competing interests does not warrant overturning the trial court's exercise of discretion. In view of the dissolution of the Gage & Mazursky law firm and the waiver by the newly formed Mazursky firm of any interest in the Adams suit, the Mazursky firm's continued representation of Ms. Bell neither appears improper nor improperly prejudices defendants.

Defendants argue that despite the dissolution "Gage has had and continues to have privileged attorney/client communications which prejudices 20th Century in the Adams lawsuit. Moreover, Mazursky has this same privileged information which he may use to 20th Century's detriment in the *Bell* lawsuit." Neither assertion has merit. First, the Gage firm will continue to possess whatever, if any, privileged information it has regarding the Adams suit regardless of whether the Mazursky firm continues to represent Ms. Bell in her lawsuit. Thus, it appears that the disqualification of the Mazursky firm would not remedy this perceived problem. Second, defendants' claim that the Mazursky firm possesses confidential information in its prosecution of the Bell suit in no way justifies disqualification. The confidential information which was the basis of defendants' disqualification motion was purportedly disclosed by Ms. Bell. We fail to see how Ms. Bell could have improperly disclosed information to her own counsel in the prosecution of *her own lawsuit.* Moreover, even assuming she could have improperly disclosed such information, defendants offer no explanation how disqualification of the Mazursky firm will remedy the situation. Ms. Bell would be free to disclose this purported confidential information to her new counsel, leaving defendants in the identical position they are presently in.

Defendants next contend that "[t]he disclosure of 20th Century's confidential attorney/client communications provides an independent basis for disqualification." In this contention defendants argue that the mere fact that Ms. Bell was privy to confidential information in the Adams suit requires the disqualification of the Mazursky firm. To support this

contention defendants rely on *Williams* v. *Trans World Airlines, Inc.* (W.D.Mo. 1984) 588 F.Supp. 1037.

In *Williams,* the Linde, Thomson firm represented Messrs. Williams and Boeding in their employment discrimination suit against TWA. Campbell Schanck, then an employee of TWA, assisted TWA's attorneys in the defense of that suit. Ms. Schanck was then "furloughed" by TWA after which she retained the Linde, Thomson firm and filed her own suit against TWA. The Linde, Thomson firm then intimated to TWA that it possessed confidential information regarding the original employee action. This lead TWA to believe that Ms. Schanck had disclosed privileged information regarding that suit. TWA moved to disqualify the Linde, Thomson firm from representing Ms. Schanck. In granting TWA's motion the district court reasoned: "The Linde, Thomson firm has direct access to confidential information because of its representation of Campbell Schanck. No effort has been made to prevent the Linde, Thomson attorneys representing Williams and Boeding from having access to Campbell Schanck and any information she may furnish to her Linde, Thomson attorney." (588 F.Supp. at p. 1045.)

Ms. Bell argues that the *Williams* case does not reflect California law. Since *Williams* is clearly distinguishable from the present case, however, we need not reach this issue. In contrast to the Linde, Thomson firm in *Williams,* in the present case the Mazursky firm presently representing Ms. Bell no longer has any interest in the Adams action in which she formerly assisted the defense. Accordingly, the danger that confidential information will continue to be disclosed no longer exists. This danger of disclosure was at the heart of the *Williams* decision. In its absence *Williams* has no application.

Defendants lastly contend that "failing to disqualify Bell's current attorneys countenances a backdoor violation of disciplinary rule 7-103." Rules of Professional Conduct, rule 7-103 provided that "[a] member of the State Bar shall not communicate directly or indirectly with a party whom he knows to be represented by counsel upon a subject of controversy, without the express consent of such counsel. . . ."[2]

[2] Effective May 27, 1989, Rules of Professional Conduct, rule 7-103 was replaced by rule 2-100 which provided: "(A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.

"(B) For purposes of this rule, a 'party' includes: (1) An officer, director, or managing agent of a corporation or association, and a partner or managing agent of a partnership; or

"(2) An association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with

■ An attorney's violation of Professional Rules of Conduct, rule 7-103 can properly serve as the basis for that attorney's disqualification from an action only "[i]f the . . . misconduct which is urged as a ground for disqualification will have a continuing effect on the judicial proceedings which are before the court, . . . If, on the other hand, the court's purpose is to punish a transgression which has no substantial continuing effect on the judicial proceedings to occur in the future, neither the court's inherent power to control its proceedings nor Code of Civil Procedure section 128 can be stretched to support disqualification." (*Chronometrics, Inc.* v. *Sysgen, Inc.* (1980) 110 Cal.App.3d 597, 607 [168 Cal.Rptr. 196]; accord *Mills Land & Water Co.* v. *Golden West Refining Co., supra,* 186 Cal.App.3d 116, 132-133.)

■ In the present case, defendants offer no explanation how the Mazursky firm's continued representation of Ms. Bell will prolong the effect of the alleged "backdoor" violation of rule 7-103 of the Rules of Professional Conduct. As explained above, the dissolution of the Gage & Mazursky firm along with the Mazursky firm's waiver of any interest in the Adams suit serves to adequately protect defendants from what they perceive to be the risk that Ms. Bell's disclosure to her counsel of confidential information relating to the Adams suit will be used against defendants in the Adams suit. Absent this risk, defendants have failed to meet the threshold requirement for employment of rule 7-103 of the Rules of Professional Conduct as a basis for disqualification. We, therefore, reject this contention as meritless.

The order is affirmed. Plaintiff shall recover costs on appeal.

Woods (A. M.), P. J., and George, J., concurred.

---

the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

"(C) This rule shall not prohibit: (1) Communications with a public officer, board, committee, or body;

"(2) Communications initiated by a party seeking advice or representation from an independent lawyer of the party's choice; or

"(3) Communications otherwise authorized by law."