Filed 3/17/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE


| | |
|---|---|
| In re the Marriage of MELISSA and MICHAEL MURCHISON. | B264825 |
| | (Los Angeles County Super. Ct. No. ND065975) |
| MELISSA MURCHISON, Appellant, v. MICHAEL MURCHISON, Respondent. | |


APPEAL from an order of the Superior Court of Los Angeles County.  Armen Tamzarian, Judge.  Reversed.

Law Office of Robert A. Curtis and Robert A. Curtis for Appellant.

Michael Murchison, in pro. per., for Respondent.

_____

Melissa Murchison (Wife) appeals from a superior court order disqualifying her counsel, Robert Curtis (Lawyer), from representing her in divorce proceedings with her husband, Michael Murchison (Husband). Husband argues that the trial court did not abuse its discretion in disqualifying Lawyer because Lawyer violated California State Bar Rules of Professional Conduct, rule 3-300, which prohibits lawyers from entering into unfair business agreements with their clients.[1] Husband, however, had no standing to bring his disqualification motion. No precedent supports a court otherwise disqualifying a lawyer for potential ethical violations when the client wishes to continue being represented and the moving party cannot demonstrate it would be harmed by the continued representation. We reverse.

## BACKGROUND

Wife and Husband are divorcing. As part of the dissolution, the court awarded Wife the couple's martial home, subject to certain conditions. One condition was to "immediately list the property for sale" in order to extinguish Husband's share of their community debt on the property, a mortgage, to Bank of America. While the property was listed for sale and in escrow, Wife missed mortgage payments, causing Bank of America to record a notice of default to commence foreclosure proceedings. Wife contends that in order to avoid foreclosure, she sold the residence to Lawyer, who already had a junior lien on the property in the form of a family law attorney's real property lien; the sale occurred while the home was still in escrow with another buyer.

Wife and Lawyer memorialized the sale. The sale agreement acknowledged Wife and Lawyer's attorney-client relationship, and set forth Wife's legal obligation to sell the house, the house's foreclosure status, and Wife's inability to make past or future mortgage payments. It also set forth that in addition to the Bank of America lien and Lawyer's lien, the Internal Revenue Service had two liens on the property totaling more than $38,000. According to the agreement, even if the pending sale had closed, Wife still

---

[1] Undesignated references to rules are to the Rules of Professional Conduct.

"would not have realized any net cash" due to "the current value of the liens as well as the costs of sale including brokerage commissions." Lawyer agreed to "accept the subject property 'as is' and subject to the existing known liens," and also agreed to assume "the obligation under the existing mortgage" and indemnify and hold Wife "harmless from that obligation." Lawyer further agreed to pay Wife $20,000. The contract concluded with Wife agreeing that (1) the terms were fair and fully disclosed to her in a reasonably understandable writing and she understood the terms, and (2) she had the right to seek independent counsel and had opportunity to do so. Wife signed the agreement without seeking outside counsel's advice and transferred the property to Lawyer.

At Husband's request, the court joined Lawyer "as a necessary party" to the dissolution proceedings because Husband planned to call Lawyer, as the new owner of the marital home, to testify regarding whether Wife had satisfied her obligations to extinguish Husband's community debt in the home's mortgage. Husband then moved to disqualify Lawyer as Wife's counsel, arguing that the transfer of the home from Wife to Lawyer was not a "sale" as ordered by the court, Lawyer had lied to the court about the nature of the transfer, and the sale violated rule 3-300, which prohibits lawyers from entering into unfair business transactions with their clients.[2] Lawyer opposed the motion and also filed a peremptory challenge to disqualify the trial judge, arguing that the pending motion to disqualify Lawyer prejudiced the court against him. The court

[2] Rule 3-300 states: "A member shall not enter into a business transaction with a client; or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied: [¶] (A) The transaction or acquisition and its terms are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which should reasonably have been understood by the client; and [¶] (B) The client is advised in writing that the client may seek the advice of an independent lawyer of the client's choice and is given a reasonable opportunity to seek that advice; and [¶] (C) The client thereafter consents in writing to the terms of the transaction or the terms of the acquisition."

disqualified Lawyer. At the same time, in response to the preemptory challenge, the court transferred the case to be assigned to another judge. Wife appealed.[3]

## DISCUSSION

On appeal, Wife contends the trial court erred in disqualifying Lawyer. We agree and reverse. We do not address Wife's argument that the court erred in disqualifying Lawyer while at the same time deciding Lawyer's peremptory challenge because Lawyer should not have been, and is not, disqualified, and the matter is now before another judge.

We review an order disqualifying an attorney "'as a question of law'" in the absence of undisputed facts. (*City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 848 (*San Francisco*).) The parties do not dispute the facts, therefore we review the disqualification order de novo.

## I. The court erred in disqualifying Lawyer on Husband's motion because Husband had no standing

"A 'standing' requirement is implicit in disqualification motions." (*Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356 (*Great Lakes*).) "Generally, before the disqualification of an attorney is proper, the complaining party must have or must have had an attorney-client relationship with that attorney." (*Ibid.*) In the absence of an attorney-client relationship, "some sort of confidential or fiduciary relationship must exist or have existed." (*Ibid.*) "Thus, a moving party must have standing, that is, an invasion of a legally cognizable interest, to disqualify an attorney." (*Id.* at 1357.)

Although we have found no cases which directly prohibit a party without such a relationship from moving for disqualification, case law shows parties moving for disqualification had standing and the standing was due to the relationship between the *moving party* and the targeted counsel. (See, e.g., *Acacia Patent Acquisition, LLC v. Superior Court* (2015) 234 Cal.App.4th 1091 [moving party challenged *successive*

---

[3] Wife's notice of appeal was filed by Lawyer and Lawyer submitted a brief to this court on her behalf.

4

representation]; *In re Charlisse C.* (2008) 45 Cal.4th 145, 159–161 [moving party challenged *concurrent* representation]; *Chronometrics, Inc. v. Sysgen, Inc.* (1980) 110 Cal.App.3d 597 (*Chronometrics*) [opposing counsel knew confidential information about moving party].) Even under a minority view, as explained in *Colyer v. Smith* (C.D.Cal. 1999) 50 F.Supp.2d 966, 971, a moving "nonclient must establish a 'personal stake' . . . that is sufficient to satisfy the standing requirements of article III of the United States Constitution." (*Great Lakes*, *supra*, 186 Cal.App.4th at p. 1357.) Here, Husband does not argue *his* relationship with Lawyer creates a risk of harm to *him*. (See also *Hetos Investments, Ltd. v. Kurtin* (2003) 110 Cal.App.4th 36, 49 (*Hetos*) [disqualification improper in part when moving party failed to explain how continued representation would "negatively impact the outcome of the case, with respect to himself," and only perceivable harm would be to represented party].) Because Husband does not have a "personal stake" in disqualifying Lawyer, he has no standing.

## II. No grounds otherwise supported disqualifying lawyer

Regardless of Husband's standing, the court reasoned it had independent inherent authority to disqualify Lawyer. A trial judge has "the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1145 (*SpeeDee*), quoting Code Civ. Proc., § 128, subd. (a)(5).) While acknowledging this discretion necessarily "involve[s] a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility" (*SpeeDee*, at p. 1145), the court agreed with *SpeeDee* that the "'paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.'" (*Ibid.*) Paraphrasing canon 3D(2) of the California Code of Judicial Ethics, the trial court concluded that it had a duty to "'take appropriate corrective action'" when it had "'personal knowledge that a lawyer has violated any provision of the Rules of Professional Conduct.'"

5

Although we agree with those general principles, a court is limited to exercising this inherent authority only when the misconduct "will have a continuing effect on the judicial proceedings." (*Chronometrics*, *supra*, 110 Cal.App.3d at p. 607; accord, *Koo v. Rubio's Restaurants, Inc.* (2003) 109 Cal.App.4th 719, 734.) If a court's purpose is merely "to punish a transgression which has no substantial continuing effect on the judicial proceedings . . . , neither the court's inherent power to control its proceedings nor Code of Civil Procedure section 128 can be stretched to support the disqualification." (*Chronometrics*, at p. 607.) Simply stated, "'the purpose of a disqualification must be prophylactic, not punitive.'" (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 467, quoting *Gregori v. Bank of America* (1989) 207 Cal.App.3d 291, 308–309 (*Gregori*).)

We see no continuing effect Lawyer's alleged misconduct will have on the subsequent proceedings. At oral argument, Husband contended Lawyer's allegedly improper purchase was impeding the resolution of Husband's community debt in the home. Even if Lawyer improperly purchased the home, however, the remedy for Husband is no different whether Lawyer or some other party was the home's purchaser. (See *Hetos*, *supra*, 110 Cal.App.4th at p. 48 [noting that the identity of the drafter of an allegedly usurious clause was irrelevant to whether the clause was indeed usurious].)

Additionally, a "violation of a rule of the State Bar Rules of Professional Conduct does not necessarily compel disqualification." (*Hetos*, *supra*, 110 Cal.App.4th at p. 47, citing *Gregori*, *supra*, 207 Cal.App.3d at p. 303.) In fact, we found no case which permits a court to disqualify a lawyer for ethical violations when the nonmoving party wishes to continue the representation and the representation does not harm the opposing party's interest. A court is not powerless to act, however, in the face of such possible ethical violations; it has the option to report an attorney it believes has acted unethically to the bar for discipline. Although others in Wife's position may have acted differently, we must respect Wife's choice to retain Lawyer. (See *San Francisco*, *supra*, 38 Cal.4th at p. 851 ["clients have a right to retain their chosen counsel"]; see also *Sharp v. Next Entertainment Inc.* (2008) 163 Cal.App.4th 410, 430 [recognizing "'the autonomy of

6

individuals to make reasoned judgments about the trade-offs that are at stake'" after they are informed of counsel's potential conflict].)**4**

Given Wife's desire to retain Lawyer, Husband's lack of standing, no authority requiring disqualification, and the importance of respecting a client's right to counsel, we reverse.

---

**4** The trial court believed rule 5-210 was also a ground for disqualification. In addition to the reasons why rule 3-300 is not a ground for disqualification, other reasons exclude rule 5-210 as well. Rule 5-210 prevents a lawyer from acting both as an advocate and a witness in certain circumstances. Rule 5-210 states: "A member shall not act as an advocate before a jury which will hear testimony from the member unless: [¶] (A) The testimony relates to an uncontested matter; or [¶] (B) The testimony relates to the nature and value of legal services rendered in the case; or [¶] (C) The member has the informed, written consent of the client. If the member represents the People or a governmental entity, the consent shall be obtained from the head of the office or a designee of the head of the office by which the member is employed and shall be consistent with principles of recusal."

First, absent exceptions inapplicable here, by its own terms, rule 5-210 applies only when counsel testifies in a jury trial, not a bench trial, like the one below. (Rule 5-210; see Discussion foll. rule 5-210 ["This rule is not intended to encompass situations in which the member is representing the client in an adversarial proceeding and is testifying before a judge"].) Second, it does not apply if the client gives informed, written consent. (Rule 5-210(C).) Thus, the rule is for the sole protection of the client. Here, Wife wishes to continue Lawyer's representation and represents she gave consent. Third, and finally, the matter to which Lawyer would testify, i.e., whether the sale satisfied Wife's ordered obligations, does not appear to be of an adverse nature to Wife. If anything, Wife's and Lawyer's interests are aligned on this point because each has an incentive to demonstrate to the court that the sale was proper.

## DISPOSITION

The order is reversed.  Melissa Murchison is awarded her costs on appeal under California Rules of Court, rule 8.278.

CERTIFIED FOR PUBLICATION.


LUI, J.


We concur:


ROTHSCHILD, P. J.


JOHNSON, J.