Filed 2/1/23  Palumbo v. Westley CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| VICTOR PALUMBO et al.,<br><br>　　Plaintiffs and Respondents,<br><br>　　　　v.<br><br>DAVID WESTLEY et al.,<br><br>　　Defendants and Appellants. | B317641<br><br>(Los Angeles County Super. Ct. No. LC104523) |
| HAN REALTY CORPORATION et al.,<br><br>　　Cross-complainants and Appellants,<br><br>　　　　v.<br><br>VICTOR PALUMBO et al.,<br><br>　　Cross-defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Huey P. Cotton, Jr., Judge.  Affirmed.

Nick A. Alden for Defendants, Cross-complainants and Appellants.

GreenblattLoveridge, Fredric J. Greenblatt and Lisa L. Loveridge for Plaintiffs, Cross-defendants and Respondents Victor Palumbo and Nicole Palumbo.

Clyde & Co US, Douglas J. Collodel; Carlson Law Group and Jose A. Mendoza for Cross-defendants and Respondents First American Team, Inc., Steve Sothear Vong and Adrian Karasek.

* * * * * *

David Westley, Victoria Westley, and Han Realty Corporation (collectively Westley) purport to appeal from denials of Westley's motions for summary adjudication against plaintiffs, cross-defendants and respondents Nicole Palumbo and Victor Palumbo (collectively the Palumbos), and cross-defendants and respondents Adrian Karasek, Steve Sothear Vong and First American Team, Inc. (FATI) (collectively cross-defendants), in this litigation involving a real property sale.  The denials of Westley's motions for summary adjudication are not appealable orders and we therefore decline to discuss them.  (*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 343.)  Westley's notice of appeal cites only Code of Civil Procedure section 904.1, subdivision (a)(3)-(13), which provides no authority for an appeal of denials of motions for summary adjudication.

Another issue raised in this appeal is the propriety of the trial court's order granting a motion for good faith settlement, which resulted in the dismissal of cross-defendants from the

2

proceedings. The remedy to challenge a trial court's grant of a motion for good faith settlement is via a writ petition. (Code Civ. Proc., § 877.6, subd. (e);[1] *Main Fiber Products, Inc. v. Morgan & Franz Ins. Agency* (1999) 73 Cal.App.4th 1130, 1135.) On December 27, 2021, Westley filed a petition for writ of mandate in this court challenging the trial court's order granting the motion for good faith settlement. This court denied the writ on December 30, 2021. (*Westley v. Superior Court* (B317220).)

There is a split of authority as to whether a determination of good faith settlement may be reviewed in an appeal following the denial of a writ. (See *Pacific Fertility Cases* (2022) 78 Cal.App.5th 568, 579, 580-581, review granted, Aug. 17, 2022, S275134 (*Pacific Fertility*) [filing of a petition for writ of mandate is the exclusive means for obtaining appellate review of a trial court's good faith settlement determination]; *Maryland Casualty Co. v. Andreini & Co.* (2000) 81 Cal.App.4th 1413, 1423 (*Maryland Casualty*) [holding that § 877.6, subd. (e) does not foreclose postjudgment review of determination of good faith settlement]; *Main Fiber Products, Inc. v. Morgan & Franz Ins. Agency, supra*, 73 Cal.App.4th at p. 1135 [holding that pretrial petition for writ of mandate is the exclusive means of review of determination of good faith settlement].) We choose to follow *Maryland Casualty* in this matter and address the good faith determination settlement. We find Westley has forfeited substantive review of the settlement, and no due process violation occurred in the trial court's determination of good faith settlement.

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

3

Finally, Westley's appeal addresses one order that is directly appealable prior to final judgment: the trial court's order granting cross-defendants' motion to disqualify Westley's counsel, Nick Alden, as trial counsel.[2] We find that the trial court did not abuse its discretion in disqualifying Alden because he has a financial interest in the property that is the subject of this litigation and because he is a key percipient witness in the litigation. As set forth below, the order disqualifying Alden from acting as Westley's counsel in the litigation is affirmed.

## BACKGROUND[3]

This ongoing litigation involves disputed obligations with respect to a residential real estate transaction. The following is a brief explanation of the relevant facts.

In 2011, Westley defaulted on mortgage payments on the home located at 4950 Woodley Ave., Encino, California (the

---

[2]    In spite of his disqualification, Alden subsequently filed a notice of appeal on behalf of Westley and submitted all appellate briefs on behalf of Westley in this appeal. We sought supplemental briefing from the parties on the question of whether the notice of appeal was valid and whether Alden could properly appear before this court on behalf of appellants. The parties directed us to *URS Corp. v. Atkinson/Walsh Joint Venture* (2017) 15 Cal.App.5th 872, 887, which created a "bright line rule" that "appeal of an order disqualifying an attorney automatically stays enforcement of the order." We therefore permit the appeal to proceed with Alden as counsel. We disregard arguments made in the supplemental briefing that went beyond the scope of the inquiry.

[3]    Trial has not yet occurred in this matter, therefore all factual statements are unproven allegations.

property).  On approximately December 7, 2011, Bank of America initiated nonjudicial foreclosure on the property by recording a notice of default.  In January 2012, Westley hired Alden.  Shortly after he was hired, Alden introduced Westley to Karasek. Karasek was introduced as a real estate agent specializing in short sales.  Subsequently, Westley, Karasek and Alden had a few meetings to discuss the possibility of short selling the property.

Litigation ensued among Westley, Bank of America and the Woodley Trust (the purported buyer in the foreclosure sale) regarding the foreclosure proceedings.

In August 2013, Westley hired Karasek to list the property for sale.  Karasek listed FATI as the broker, operating under the license of Vong.  The parties dispute whether Karasek was aware of the encumbrances on the property.  Alden has produced testimony in this litigation that he informed Karasek of the liens on the property and "repeatedly emphasis [*sic*] to Karasek the need to inform potential buyers and agents that the property is in litigation."

On March 17, 2014, Karasek produced a residential purchase agreement from the Palumbos.  Counteroffers were exchanged, and on March 21, 2014, escrow was opened. Subsequently, the Palumbos refused to sign the escrow instructions until the liens on the property were removed.  On March 27, 2014, the Palumbos obtained a preliminary title report showing that the property was in litigation and encumbered by about $3.8 million in liens.  The Palumbos claim that they were not informed of the litigation in the sellers' disclosures provided to the Palumbos and their real estate brokers.  They were told that Westley was taking action to clear the issues disclosed on

the preliminary title report. The Palumbos decided to wait and see if Westley could clear title through a quiet title action so that the escrow could be concluded. The parties executed at least two extension of time addendums to the close of escrow. When the quiet title action concluded in Westley's favor, Westley refused to sell the Palumbos the property for the price contracted for.

## PROCEDURAL HISTORY

On or about April 20, 2017, the Palumbos filed their first amended complaint (FAC) against Westley setting forth causes of action for fraud/intentional misrepresentation, negligent misrepresentation, breach of contract, breach of implied in fact contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, specific performance, promissory estoppel, and declaratory relief.

On November 13, 2017, Westley answered the Palumbos' FAC and filed a cross-complaint against the Palumbos and cross-defendants alleging causes of action for declaratory relief; indemnification; contribution; comparative fault and breach of contract, among others.

Westley filed two motions for summary adjudication. On June 28, 2019, Westley filed a motion for summary adjudication on its cross-claims against cross-defendants. The trial court denied the motion. The court noted that Westley's separate statement of material facts was deficient and that disputed issues of material fact existed.

Westley also filed a motion for summary judgment or summary adjudication against the Palumbos. No party has provided a citation to the record showing such a motion. The trial court denied the motion, as it was procedurally flawed and

triable issues of material fact existed. The trial court's formal order denying both motions for summary adjudication was filed on October 3, 2019.

Westley filed a petition for writ of mandate in this court challenging the trial court's denial of the summary adjudication motions. The writ was denied.

Trial was set for November 30, 2021. In the weeks before trial, the Palumbos and cross-defendants reached a settlement. On November 26, 2021, cross-defendants served a motion for determination of good faith settlement. Alden appeared on behalf of Westley at the hearing on the motion. On December 8, 2021, the trial court granted the motion for good faith settlement. The cross-complaint of Westley was dismissed with prejudice as to cross-defendants.[4]

In preparing for trial, Alden disclosed that the property was not, in fact, clear, and that he was holding an unrecorded trust deed on the property in the approximate amount of $904,000 that he could record at any time, which would fully encumber the property and prevent a title insurance policy from issuing. The case had been pending for over five years, yet counsel for cross-defendants attested that Alden's disclosure on November 16, 2021, was the first time the unrecorded trust deed had been revealed. Based on this disclosure, on November 24, 2021, counsel for cross-defendants served Westley with a motion to disqualify Westley's counsel, Alden. The motion cited two grounds for disqualification: first, that Alden had a personal financial interest in the outcome of the litigation; and second,

---

[4]     There is no indication in the record that the Palumbos were dismissed as cross-defendants in this matter.

7

that the necessity of Alden's testimony at trial would violate the "advocate-witness" rule (citing *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1208).

On December 8, 2021, the trial court signed an order indicating that the settlement entered into between the settling cross-defendants and the Palumbos was entered into in good faith within the meaning of section 877.6. It was additionally ordered that Westley's cross-complaint be dismissed with prejudice as to cross-defendants Karasek, FATI, and Vong.

On December 8, 2021, the trial court signed a second order indicating that good cause existed to grant the motion to disqualify Alden as trial counsel for Westley. The court ordered Alden disqualified as trial counsel.

On December 9, 2021, Alden filed a notice of appeal on behalf of Westley. The notice of appeal specified that Westley was appealing only from an order or judgment under section 904.1, subdivision (a)(3)-(13). The notice of appeal attached the order on the motion for determination of good faith settlement and the order on the motion to disqualify Alden as trial counsel.

## DISCUSSION

### I.    Scope of appeal

As set forth above, the denials of Westley's motions for summary adjudication are not appealable orders and we therefore decline to discuss them. (*Federal Deposit Ins. Corp. v. Dintino, supra*, 167 Cal.App.4th at p. 343.)

We will address the two remaining issues on appeal: the good faith settlement order and the disqualification order.

8

## II. Good Faith Settlement Order
### A. *Appealability*

Section 877.6, subdivision (e) provides, in pertinent part, "When a determination of the good faith or lack of good faith of a settlement is made, any party aggrieved by the determination may petition the proper court to review the determination by writ of mandate. The petition for writ of mandate shall be filed within 20 days after service of written notice of the determination, or within any additional time not exceeding 20 days as the trial court may allow." (§ 877.6.) As set forth above, there is a split of authority on the question of whether such a determination is also reviewable in a later appeal brought by a nonsettling party. (*Pacific Fertility, supra*, 78 Cal.App.5th at p. 572, review granted.) The Supreme Court granted review of *Pacific Fertility* and will decide whether a petition for writ of mandate is the exclusive means of challenging an order approving or denying a good faith settlement under section 877.6. The present situation leaves us with conflicting appellate decisions. We choose to follow the line of cases holding that section 877.6, subdivision (e) does not foreclose subsequent postjudgment review, provided a writ has been timely filed pursuant to the statute. (*Maryland Casualty, supra*, 81 Cal.App.4th at p. 1423.)

Although there is no final judgment in this case, "'in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party.'" (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 991.) As the cross-defendants have been dismissed from the case with prejudice, the judgment is final as to them. We therefore proceed to review Westley's appeal from the good faith settlement order.

9

**B.** *Applicable law and standard of review*

A good faith settlement "must strike a balance between the competing public policies of encouraging settlements and the equitable sharing of liability among parties at fault." (*PacifiCare of California v. Bright Medical Associates, Inc.* (2011) 198 Cal.App.4th 1451, 1464 (*PacifiCare*).) To determine whether a party's settlement is in good faith, the court must determine whether it is in a "'reasonable range'" considering that party's potential liability. (*Ibid.*, quoting *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 499.) The trial court has "'substantial latitude'" in making such a determination, and its decision may be reversed only upon a showing of abuse of discretion. (*PacifiCare, supra*, at p. 1464.)

As in all cases, "it is the responsibility of the party appealing to provide an adequate record on appeal." (*Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 849.) An appealing party's failure to provide an adequate record to demonstrate error precludes adequate review and results in affirmance of the trial court's determination. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1.)

**C.** *Westley has failed to demonstrate error*

    **1.** *Due process*

Westley first challenges the motion on due process grounds, arguing Westley was not afforded opportunity to file an opposition or make meaningful argument. We find that Westley has failed to show a violation of due process.

In the weeks before trial, the Palumbos and cross-defendants reached a settlement. On November 26, 2021, cross-defendants served a motion for determination of good faith settlement. Westley concedes that Alden received notice of the

10

motion and ex parte application for ordering shortening time a few days before the hearing. Alden appeared on behalf of Westley at the hearing on the motion on November 29, 2021. The hearing was abruptly stopped and continued to the next day due to the court reporter receiving word of a death in the family. On November 30, 2021, Alden appeared again on behalf of Westley and informed the trial court that he had been served on November 26, 2021, at 5:26 p.m. Despite the short notice, the trial court granted the motion. Westley complains that it is the practice that, when a motion is filed with an order shortening time, the court sets a hearing schedule. Westley complains that this was the procedure employed by the previous judge, and Alden relied on it. On December 8, 2021, the court entered an order dismissing "Karasek, et al." from the case.[5]

Westley provides no citation to the record showing that Westley objected to the short notice or asked for an opportunity to brief the issue.[6] Because Alden received notice and appeared at the hearing, due process was satisfied. "'[D]ue process requires, "notice reasonably calculated, under all the

---

[5] We reject Westley's argument that the order dismissed the Palumbos from the cross-complaint. There is no evidence in the record that the trial court did so.

[6] Respondents point out that the motion to disqualify Alden as counsel was served on Westley the same day as the motion to confirm good faith settlement, along with an ex parte application shortening time. Although Westley did not file an opposition to the motion for good faith settlement order, Westley opposed the disqualification motion, which was heard the same day. The decision to oppose the disqualification motion and not the motion to confirm good faith settlement thus appeared to be a tactical decision.

11

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"'" (*In re DeJohn B.* (2000) 84 Cal.App.4th 100, 106.) At the hearing, Westley had an opportunity to object or seek additional time and cannot claim error after apparently failing to do so.[7] (*People v. Buford* (1974) 42 Cal.App.3d 975, 982 ["Apparently appellant was served . . . sometime between March 22 and March 29, for at the . . . hearing held on the latter date he did not seek a continuance or additional time for preparation. . . . Under the circumstances, he cannot now claim a denial of due process."].)

Further, the cases Westley cites are inapplicable. In *Dvorin v. Appellate Dept.* (1975) 15 Cal.3d 648, 651, the appellate department's order directing the lower court to enter summary judgment was a denial of due process where no party had moved for summary judgment. The *Dvorin* court held, "Absent a motion, ordering summary judgment denies the opposite party opportunity to allege additional facts justifying trial of factual issues." (*Ibid.*) Such is not the case here, where the settling parties served Westley with a motion, and Westley's counsel appeared at the hearing on the motion. In *Spector v. Superior*

---

[7]     At oral argument, Alden represented to this court that at the hearing on the motion for good faith settlement, he objected to the short notice. However, he failed to provide a citation to the record showing such an objection. It was Westley's burden to show error, and in the absence of an adequate record, we presume that the trial court acted correctly. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 ["the cardinal rule of appellate review [is] that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown"].)

12

*Court* (1961) 55 Cal.2d 839, 843, a judge refused to allow a party to present any evidence or argument in support of his position. Under those circumstances, the party was denied his opportunity to be heard.  (*Ibid.*)  Westley has provided no citation to the record suggesting that the trial court in this matter refused to allow Westley to present evidence or argument at the hearing on the good faith settlement motion.

Under the circumstances of this case, where Westley was served, appeared at the hearing, yet made no apparent objection to the shortened time frame, and failed to ask the court for a continuance, Westley's due process claim fails.

**2.**      *Westley has forfeited review on the merits*

Westley argues that the settlement agreement between the Palumbos and cross-defendants was not an honest agreement. Instead, Westley argues, it was the result of a conspiracy between the Palumbos and cross-defendants, in which the Palumbos and cross-defendants covered for each other when in fact it was Karasek who concealed information from the Palumbos.

Westley has not shown that the trial court exceeded its discretion in finding that the settlement was in good faith. Westley makes no effort to discuss cross-defendants' potential liability or whether the settlement is in a reasonable range, as required by *PacifiCare*.  Further, Westley fails to provide citations to authority in support of the argument that the vague assertion of a conspiracy between the parties provides adequate grounds for rejecting the settlement.  Therefore, we need not discuss it. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'When an appellant raises an issue "but fails to support it with reasoned argument and citations to

authority, we treat the point as waived.""].) Finally, we note that Westley provides no citation to the record suggesting that an objection to the settlement agreement on this ground was made in the trial court, thus Westley has forfeited this argument by not raising it below before the trial judge. Westley's failure to raise the issue below is particularly significant in this case, where his objection is based on a highly factual argument—that the settling parties were conspiring all along. "Failure to register a proper and timely objection to a ruling or proceeding in the trial court waives the issue on appeal." (*Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602.)

Westley has failed to show error in the trial court's order approving the settlement.

## III. Order disqualifying Alden

The motion to disqualify Attorney Alden was made on two grounds: First, in the week prior to the commencement of trial, Alden disclosed that he had a significant pecuniary interest—a $904,000 unrecorded trust deed—on the real property involved in this matter. Second, Alden was a significant witness in the case, in violation of California Rules of Professional Conduct, rule 3.7.

In the trial court, Alden asserted in opposition to the motion to disqualify that the moving parties knew of Alden's role as a witness and his pecuniary interest in the case, thus they purportedly waived any conflict of interest argument.[8] On

---

[8] Westley states that on December 14, 2021, Westley filed a declaration of David Westley in support of Westley's opposition to the motion to disqualify Alden. However, the motion to disqualify was granted on November 30, 2021. While Westley agrees that November 30, 2021, was the date that the trial court

14

appeal, he also makes largely factual arguments—also largely without citation to the record—that respondents knew he had an interest in the property, knew he had met with Karasek and knew he filed declarations in the underlying action. Alden accuses cross-defendants of waiting until the last minute to raise this issue, when it will create a hardship on his clients. Alden cites *Comden v. Superior Court* (1978) 20 Cal.3d 906, 915 (*Comden*), for the proposition that "[i]t would be na[i]ve not to recognize that the motion to disqualify opposing counsel is frequently a tactical device to delay litigation." Alden argues that judicial scrutiny is required "'to prevent literalism from possible overcoming substantial justice to the parties.'" (*Ibid.*)

"'"Trial courts in civil cases have the power to order disqualification of counsel when necessary for the furtherance of

---

granted the motion to disqualify, Westley provides no citation to the record. The Palumbos asserts that although a court reporter was present for the November 30, 2021 proceedings, Westley apparently made a strategic decision not to include the reporter's transcript of those proceedings in the record. In any event, the trial court order granting the motion to disqualify counsel was made on December 8, 2021, prior to the filing of David Westley's December 14, 2021 declaration. Because the December 14, 2021 declaration was filed after the court's ruling, it is apparent that the trial court did not consider it in ruling on the motion to disqualify. Thus, we do not consider it. (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 163 ["We may consider only those facts which were before the trial court, and disregard any new factual allegations made for the first time on appeal."]; see *Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 604-605 [appellate court will not consider additional evidence presented after court has entered order].)

justice.""" (*Bell v. 20th Century Ins. Co.* (1989) 212 Cal.App.3d 194, 197 (*Bell*).)  In considering whether to disqualify counsel, the trial court must balance the "conflict between a client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility." (*Comden, supra*, 20 Cal.3d at p. 915.)  The trial court's paramount concern "must be to preserve the public trust in the scrupulous administration of justice and the integrity of the bar." (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1145.)[9]

---

[9]     Westley cites *In re Marriage of Murchison* (2016) 245 Cal.App.4th 847, 851 (*Murchison*), for the proposition that a party does not have standing to disqualify another party's attorney unless the complaining party has had an attorney-client relationship with the attorney he seeks to disqualify.  The standing rule is irrelevant because a court has inherent authority to disqualify a lawyer in the furtherance of justice where the lawyer's participation "'will have a continuing effect on the judicial proceedings.'" (*Id.* at p. 852.)  In *Murchison*, a husband objected to his wife's attorney's representation of her where the attorney had purchased a home in which the husband and wife each had an interest.  The *Murchison* court saw "no continuing effect Lawyer's alleged misconduct will have on the subsequent proceedings." (*Id.* at p. 853.)  Here, in contrast, where the attorney in question has an interest in the subject matter of the litigation and is a key witness on liability issues, the effect of his disqualifying behavior will continue to affect the proceedings.  Under these circumstances, where Alden's relationships and interests in the matter are interrelated and conflicting, the trial court has "'an *independent interest* in ensuring trials are conducted within ethical standards of the profession and that legal proceedings appear fair to all that observe them.'" (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1205.)

16

A trial court's decision on a disqualification motion is generally reviewed for abuse of discretion. (*People ex rel. City of San Diego v. Experian Data Corp.* (2022) 77 Cal.App.5th 1006, 1012.) The court's legal conclusions are reviewed de novo, its factual findings are reviewed for substantial evidence, but its application of the law to the facts is reversible only if arbitrary and capricious. (*Doe v. Yim* (2020) 55 Cal.App.5th 573, 581 (*Doe*).) We may reverse a trial court's decision to disqualify counsel only if "'no reasonable basis for the action is shown.'" (*Bell, supra*, 212 Cal.App.3d at p. 198.)

Alden does not deny that he has a substantial unrecorded lien on the property that is the subject of this dispute. California Rules of Professional Conduct, rule 1.8.1, prohibits an attorney from entering into a business transaction with a client or acquiring an ownership, possessory, security or other pecuniary interest adverse to a client unless the attorney has satisfied several requirements.

Alden claims that his lien on the subject property exists to cover his attorney fees. Alden argues that such a lien is not barred by the Rules of Professional Conduct but only presents certain disclosure requirements, including providing the client an opportunity to seek independent legal advice and securing the client's written consent. (Citing *Hawk v. State Bar* (1988) 45 Cal.3d 589, 601.) Alden fails to cite specific evidence that he fulfilled these requirements but asserts that he "disclosed to his clients everything he was supposed to disclose, pursuant to the State Bar Rules." He provides no citation to the record showing substantial evidence before the court of having done so. He cites only the declaration of David Westley, filed after the trial court's decision in the matter. Alden provides no citation to any specific

17

portion of the declaration concerning the lien on the property, nor does he include reference to a declaration filed by Victoria Westley or any other client.

Because Alden admits to his financial interest in the property and fails to cite objective evidence that he has fulfilled his obligations to all of his clients, substantial evidence in the record supports the trial court's determination that Alden's substantial interest in the property that is the subject matter of this litigation undermined the integrity of the proceedings.[10]

Alden also does not contest that he will be a key percipient witness at trial. His principal argument in opposition to the disqualification is that respondents "knew that Alden was a percipient witness." California Rules of Professional Conduct, rule 3.7(a), provides in part:

> "A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless: [¶] (1) the lawyer's testimony relates to an uncontested issue or matter; [¶] (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or [¶] (3) the lawyer has obtained informed written consent from the client."

Alden states that he obtained such written consent. However, again he cites only the late-filed declaration of David Westley. Alden fails to cite a specific page or paragraph number

---

[10] Further, the trial court was permitted to resolve the factual dispute before it as to the timing of Alden's disclosure of his interest in the property. Counsel's declaration stating that Alden's first disclosure was at a November 16, 2021 meet and confer meeting was substantial evidence supporting any implicit finding that information concerning the lien was improperly withheld for too long.

18

in which the necessity of Alden appearing as a witness is discussed. Alden presents cites to no other evidence that was presented to the trial court showing that he complied with this rule. The court was not required to accept Alden's representation. Even if it did, the court was not required to permit Alden to appear as both an advocate and a witness in the matter before it if the court felt that permitting Alden to act in these competing roles would undermine the integrity of the proceedings going forward. (*Murchison, supra*, 245 Cal.App.4th at p. 852.)

We must presume that the trial court weighed the competing interests at stake in making its determination that Alden should not proceed as Westley's counsel in this matter. (*Costello v. Buckley* (2016) 245 Cal.App.4th 748, 756-757 [""Where the trial court has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable.""].) Here, the trial court was faced with two potential violations of the California Rules of Professional Conduct, each of which, alone, may have been sufficient to disqualify Alden. The trial court was justifiably concerned with "the need to maintain ethical standards of professional responsibility." (*Comden, supra*, 20 Cal.3d at p. 915.) Alden has failed to set forth substantial evidence showing an abuse of the trial court's discretion. Under the circumstances, we decline to find the disqualification order arbitrary or capricious. (*Doe, supra*, 55 Cal.App.5th at p. 581.)

## DISPOSITION

The good faith settlement order and disqualification order are affirmed.  The Palumbos and cross-defendants are awarded their costs of appeal.

_____

CHAVEZ, J.

We concur:


_____

LUI, P. J.


_____

BENKE, J.*

---

\*　　Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.